**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Weslie C. MAYS, Defendant–Appellant.**

**No. 89–6123.**

United States Court of Appeals, Tenth Circuit.

May 7, 1990.

As Amended on Denial of Rehearing and Rehearing En Banc Aug. 1, 1990.

Robert G. McCampbell, Asst. U.S. Atty., (Robert E. Mydans, U.S. Atty., with him on the Brief) Oklahoma City, Okl., for plaintiff-appellee.

Susan M. Otto, Asst. Federal Public Defender, Oklahoma City, Okl., for defendant-appellant.

Before HOLLOWAY, Chief Judge, McWILLIAMS, Circuit Judge, and BRATTON, Senior District Judge.[*]

BRATTON, Senior District Judge.

Weslie C. Mays entered a plea of guilty to the charge of distribution of cocaine in

[*] Honorable Howard C. Bratton, Senior United States District Judge for the District of New Mexico, sitting by designation.

violation of 21 U.S.C. § 841(a)(1) on February 3, 1989 and was sentenced to a term of incarceration of 27 months. In computing the defendant's sentence, two points were added to the defendant's base offense level for the defendant's "role in the offense." *See* § 3B1.1(c) of the guidelines promulgated by the United States Sentencing Commission, *Guidelines Manual,* at 3.5 (Nov.1989) [hereinafter "U.S.S.G." or the "guidelines"].

Pursuant to § 3B1.1 of the guidelines, a defendant's base offense level must be enhanced by varying numbers of points if the defendant's role in the offense can be characterized as that of an "organizer or leader," or a "manager or supervisor" in any criminal activity. The degree to which a defendant's base offense level should be increased relates proportionally to the defendant's responsibility in the enterprise and the number of participants involved. In the instant case, the district court found that the defendant was an "organizer, leader, manager, or supervisor" of a criminal activity involving four individuals and, pursuant to U.S.S.G. § 3B1.1(c), increased the defendant's base offense level by two points.[1]

The defendant appeals the imposition of the sentence as enhanced by the lower court pursuant to § 3B1.1(c). He first challenges the predicate factual finding by the lower court regarding his role in the offense. Second, the defendant takes issue with the constitutional vigor of § 3B1.1, arguing that the terms *organizer, leader, manager, supervisor,* and *criminal activity* are unconstitutionally vague.

## DEFENDANT'S ROLE IN THE OFFENSE

At the sentencing hearing, the only information elicited concerning the defendant's status as a leader, supervisor, manager, or organizer was the oral testimony of the case agent, a Drug Enforcement Administration special agent. The agent testified that the defendant was involved in a small-scale criminal network involving four individuals. He first described the related activities of Margaret Patterson, the individual who became the government's informant subsequent to her arrest. The agent related to the court that she participated with the Drug Enforcement Administration in introducing an undercover agent to the defendant.[2]

A second individual allegedly connected to the enterprise is the informant's sister, Edith Young. The agent testified that the defendant used Edith Young as a reference when discussing the cocaine sale in a phone conversation with the undercover agent, and that the defendant supplied both Patterson and Young with their cocaine for resale.

The remaining individuals allegedly involved in this network were Versilla O'Guinn and an unnamed narcotics supply source in California. O'Guinn is said to have rented an apartment, an automobile, and various telephone pagers on behalf of the defendant. As to the significance of the unnamed supplier of the cocaine in California, the defendant admitted that, of the individuals allegedly constituting the group or enterprise, he alone had access to the California supplier. From these facts the district judge concluded that the defendant exercised a managerial or supervisory role in a small-scale criminal network.

The burden of proof that the defendant exercised a managerial or supervisory role is upon the government. It must prove the predicate facts by a preponderance of the

---

1. In *United States v. Rutter,* 897 F.2d 1558, 1563 (10th Cir.1990), we indicated that the two-level enhancement of § 3B1.1(c) appears to be indicated for organizers and managers of small criminal enterprises which are not extensive in scope and have fewer than five participants. *Id.,* at 1563.

2. With regard to the transaction between the defendant and the undercover agent, the witness further indicated that the defendant was the one who actually made the delivery of the cocaine and accepted the money during the transaction for the cocaine.

evidence. *United States v. Beaulieu*, 893 F.2d 1177, 1181, n. 7 (10th Cir.1990). In arriving at its determination of a particular defendant's role in the criminal activity, the sentencing court may consider any reliable information, including hearsay. *United States v. Rutter*, 897 F.2d 1558, 1563 (10th Cir.1990) *citing Beaulieu*, 893 F.2d at 1180.

We, in turn, review the factual determination of the lower court under the clearly erroneous standard. *See Beaulieu*, 893 F.2d at 1181–82; *see also United States v. Roberts*, 898 F.2d 1465, 1469 n. 3 (10th Cir.1990); *United States v. Rutter*, 897 F.2d 1558, 1563 (10th Cir.1990); *United States v. Williams*, 897 F.2d 1034, 1040 (10th Cir.1990). In accordance with that standard, we will not reverse the district court "unless the court's finding was without factual support in the record, or if after reviewing all evidence we are left with the definite and firm conviction that a mistake has been made." *Beaulieu*, 893 F.2d at 1182.

■ Based upon our review of the record, we find ample evidence to support the decision of the court below. We recognize, of course, that the defendant's supervisory or managerial status is not sufficiently proved by indicating a mere buyer/seller relationship between the defendant and the alleged group or network participants. *See United States v. Weidner*, 703 F.Supp. 1350, 1354 (N.D.Ind.1988) *aff'd* 885 F.2d 873 (7th Cir.1989).[3]

■ Though we would not characterize the evidence with regard to the defendant's role in this offense as overwhelmingly supportive of the lower court's decision, there is sufficient evidence from which the judge might draw a conclusion that the defendant exercised some authority or, at least, independent management initiative[4] in a loosely-affiliated criminal organization. The lower court believed that the defendant did more than merely act as an independent source of narcotics to involved individuals. He referenced Young and Patterson in setting up the subsequent drug transaction, perhaps indicative of some group affiliation. There was also some indication that O'Guinn acted at the behest of the defendant in renting an apartment, an automobile, and various telephone pagers for the defendant's use.[5]

We find sufficient indication from the testimony presented to support the district court in its finding that the defendant exercised a managerial or supervisory role in the offense pursuant to § 3B1.1(c). *Accord United States v. Otero*, 890 F.2d 366 (11th Cir.1989) (§ 3B1.1(c) applicable when the defendant was the individual within a network who located the seller, set the price, and determined the time and location for the sale of the narcotics); *United States v. Silverman*, 889 F.2d 1531 (6th Cir.1989) (defendant found to be a manager or supervisor upon evidence that the defendant took charge of the sale and exercised dominion over the money garnered from

---

**3.** We also, however, suffer under no illusion that drug dealers at this level have developed formalistic management structures. As we quoted recently in *United States v. Rutter, supra,* wherein a two-level base offense enhancement under § 3B1.1(c) was deemed appropriate:

> There need be no particular formality in the ossature of a narcotics enterprise to justify invocation of section 3B1.1. Drug dealers are unlikely to make much use of position descriptions or organizational charts. Particularly with respect to the relatively small criminal cabals contemplated by section 3B1.1(c) —2 to 5 people. . . .

897 F.2d at 1563, *citing United States v. Diaz–Villafane,* 874 F.2d 43, 48 (1st Cir.) *cert. denied* — U.S. —, 110 S.Ct. 177, 107 L.Ed.2d 133 (1989).

**4.** *See,* analogously, *United States v. Mannino,* 635 F.2d 110 (2d Cir.1980) (under the continuing criminal enterprise statute, 21 U.S.C. § 848, superior/subordinate position need not be established for a finding that the defendant exercised some supervisory or managerial authority).

**5.** Factors indicative of supervision or management include: "the exercise of decision making authority, . . . the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others." U.S.S.G. § 3B1.1, Commentary Application Note 3, at 3.5.

the cocaine sale); *United States v. Vasquez,* 874 F.2d 250 (5th Cir.1989) (defendants recruited others to commit crimes, utilized their own apartments as bases, paid for trips for others involved in the criminal activity and arranged bail and attorneys fees for arrested group members).

## CONSTITUTIONALITY OF § 3B1.1(c)

■ The defendant next argues that the terms *organizer, leader, manager, supervisor,* and *criminal activity* are unconstitutionally vague. Despite the fact that the guidelines fail to particularly define these terms, the district court justified utilization of § 3B1.1(c) based upon a plain reading of the provision, a decision in which we find no basis for fault.

A legal standard which permits arbitrary and discriminatory enforcement by failing to provide explicit standards for its application offends due process. *United States v. Roberts, supra,* at 1467. Therefore, the constitutional validity of a standard challenged as vague is tested by ascertaining whether "the ordinary person exercising ordinary common sense" can understand and comply with the standard. *United States v. Hines,* 696 F.2d 722, 727 (10th Cir.1982) *citing CSC v. Letter Carriers,* 413 U.S. 548, 579, 93 S.Ct. 2880, 2897, 37 L.Ed.2d 796 (1973). In the analogous context of the continuing criminal enterprise statute, 21 U.S.C. § 848, terms similar to those at issue here have been held not unconstitutionally vague. *United States v. Valenzuela,* 596 F.2d 1361, 1367 (9th Cir.) *cert. denied* 444 U.S. 865, 100 S.Ct. 136, 62 L.Ed.2d 88 (1979). The *Valenzuela* court stated:

> [T]he words encompassed within the phrase "organizer, a supervisory position, or any other position of management," enjoy a wide currency in the business community and are commonly understood by members of the general public.

*Id.* at 1367.

Following the reasoning of *Valenzuela,* we see no reason to label the phrase *organizer, leader, manager or supervisor* in § 3B1.1(c) as constitutionally infirm.

Likewise, the phrase *criminal activity* is not impermissibly vague. By plain reading the phrase excludes all activity which is not violative of a criminal statute. Similar phrases under the witness immunity statute[6], 18 U.S.C. § 6002 ("criminal case"), the continuing criminal enterprise statute[7] ("continuing series of violations"), the Fifth Amendment ("criminal case") and the Sixth Amendment ("criminal prosecutions") have not proved impossible or unworkable to apply.

Moreover, vagueness challenges to statutes which do not involve First Amendment rights are generally limited to the facts of the case at hand. *See United States v. Hines,* 696 F.2d 722, 727 (10th Cir.1982). In *Hines,* we stated, " 'one to whose conduct a statute clearly applies may not successfully challenge it for vagueness.' " *Id.* citing *Parker v. Levy,* 417 U.S. 733, 756, 94 S.Ct. 2547, 2561–62, 41 L.Ed.2d 439 (1974). In this case, the defendant's conduct was clearly proscribed. He was, without question, engaged in criminal activity involving the distribution of cocaine with a number of other people—a fact which militates heavily against the success of the defendant's argument.[8] Accordingly, the decision of the district court is AFFIRMED.

---

6. *See, e.g., United States v. Gregory,* 730 F.2d 692, 697 (11th Cir.) *cert. denied* 469 U.S. 1208, 105 S.Ct. 1170, 84 L.Ed.2d 321 (1985).

7. *See, e.g., Valenzuela, supra; see also United States v. Cravero,* 545 F.2d 406, 410–11 (5th Cir.1976) *cert. denied* 429 U.S. 1100, 97 S.Ct. 1123, 51 L.Ed.2d 549 and 430 U.S. 983, 97 S.Ct. 1679, 52 L.Ed.2d 377 (1977).

8. We also note the recent cases handed down by this court wherein the language of § 3B1.1 was applied. We are not now aware of any expressed difficulty on the grounds of vagueness in the application of § 3B1.1 to the facts particular to those cases. *See United States v. Rutter,* 897 F.2d 1558, 1563 (10th Cir.1990); *United States v. Williams,* 897 F.2d 1034, 1040–41 (10th

Cir.1990); *United States v. Beaulieu,* 893 F.2d 1177, 1181, n. 7 (10th Cir.1990).