956 F.2d 279
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Jimmy WELLS, Defendant-Appellant.
 No. 91-6141.
 United States Court of Appeals, Tenth Circuit.
 March 3, 1992.
 
 Before SEYMOUR and BRORBY, Circuit Judges, and BROWN,* District Judge.
 ORDER AND JUDGMENT**
 SEYMOUR, Circuit Judge.
 
 
 1
 Defendant Jimmy Wells appeals the sentence imposed on him in connection with his guilty plea to a charge of conspiracy to possess with intent to distribute marijuana in violation of 21 U.S.C. § 846. He contends that the sentence was based on a misapplication of the role in the offense provisions of § 3B1.1 of the Sentencing Guidelines. We disagree and affirm.
 
 
 2
 The district court adjusted Mr. Well's base offense level upwards by three levels upon finding that he was a manager or supervisor within the meaning of the guidelines. The court based its findings on evidence it heard at the trial of Mr. Well's codefendants, as well as the affidavit of Detective Mark Danner, an undercover police officer involved in the marijuana transaction. See rec., Sentencing Trans. at 14-17. Detective Danner's affidavit details his telephone conversations with Larry Guyton, the man who set up the drug transaction. The affidavit states:
 
 
 3
 "Guyton advised me that he wanted to purchase 100 pounds of marijuana and during subsequent phone calls, a price of $650.00 per pound for a total of $130,000.00 was negotiated. Guyton also stated during the subsequent phone calls that he was acquiring 200 pounds of the marijuana for another party and 100 pounds of marijuana for himself and his partner whom he identified as 'Billy Bob.' "
 
 
 4
 Rec., supp. vol. III, doc. 129 attachment C. Mr. Wells was subsequently identified as Billy Bob. Guyton's reference to Mr. Wells as his "partner", along with evidence that Mr. Wells conducted the transaction in Oklahoma City, supports the district court's conclusion that Mr. Wells was held out by Guyton as someone who represented him, "that it was the same as dealing with Mr. Guyton." Sentencing Trans. at 16.
 
 
 5
 We review the findings of the district court as to a defendant's role in the offense under the clearly erroneous standard. See United States v. Mays, 902 F.2d 1501, 1503 (10th Cir.1990). We are not persuaded that the district court was clearly erroneous in finding that Mr. Wells was a manager or supervisor. Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 *
 The Honorable Wesley E. Brown, United States District Judge for the District of Kansas, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3