968 F.2d 22
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Rodrigo RODRIGUEZ, Defendant-Appellant.
 No. 91-1048.
 United States Court of Appeals, Tenth Circuit.
 June 16, 1992.
 
 1
 Before MOORE and EBEL, Circuit Judges, and COOK,* District Judge.
 
 
 2
 ORDER AND JUDGMENT**
 
 
 3
 H. DALE COOK, Senior District Judge.
 
 
 4
 After this case was scheduled for oral argument, counsel for both parties waived oral argument, and asked that the case be submitted on the briefs. This panel, after reviewing the briefs, agreed with counsel and ordered the case submitted on the briefs. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9.
 
 
 5
 Defendant-Appellant Rodrigo Rodriguez (Rodriguez) appeals from the conviction and sentence entered in the district court. Rodriguez was charged along with a co-defendant, Gloria Alarcon (Alarcon), in a four-count indictment alleging drug offenses. The case proceeded to trial, during the course of which Alarcon changed her plea and pled guilty to one count. Thereafter, Rodriguez entered a plea of guilty to all four counts. (Count 1: 21 U.S.C. § 846; Counts 2-4: 21 U.S.C. § 841(a)(1)). Sentencing took place on January 23, 1991 and Rodriguez was sentenced to 78 months on each count, to be served concurrently, and to a term of supervised release of four to five years. No fine was imposed. This appeal was timely filed.
 
 
 6
 In his principal issue raised, Rodriguez argues that there was insufficient evidence to support the district court's finding that Rodriguez was an organizer, leader, manager or supervisor and the concomitant two-level increase under the Sentencing Guidelines.
 
 
 7
 Section 3B1.1(c) of the Guidelines provides:
 
 
 8
 "If the defendant was an organizer, leader, manager, or supervisor in any criminal activity other than described in (a) or (b), increase by 2 levels."
 
 
 9
 It is undisputed that subsections (a) and (b) do not apply. United States v. Mays, 902 F.2d 1501 (10th Cir.1990) sets forth applicable principles:
 
 
 10
 "The burden of proof that the defendant exercised a managerial or supervisory role is upon the government. It must prove the predicate facts by a preponderance of the evidence. In arriving at its determination of a particular defendant's role in the criminal activity, the sentencing court may consider any reliable information, including hearsay.
 
 
 11
 "We, in turn, review the factual determination of the lower court under the clearly erroneous standard. In accordance with that standard, we will not reverse the district court 'unless the court's finding was without factual support in the record, or if after reviewing all evidence we are left with the definite and firm conviction that a mistake has been made.' " [citations omitted] Id. at 1502-03.
 
 
 12
 The lower court found that Rodriguez planned and directed the activities of co-defendant Alarcon and it therefore imposed the two-level increase. The factual predicate stated by the district judge was that "defendant directed Mrs. Alarcon to drive the Ford van to the Dillon Inn and told her where it was, and this was for the purpose of distributing marijuana, and the Ford van did contain about a hundred pounds of marijuana when searched". (Sentencing Transcript at 31).
 
 
 13
 The evidence at the sentencing hearing consisted solely of the testimony of Detective Richard Thompson. He testified that he had Rodriguez under surveillance at Stapleton Airport, and was advised that Rodriguez met two other men there. Rodriguez and the other two men left in a Ford pickup truck and Thompson followed. He observed the men go to a check cashing location, a second location where one of the men was dropped off, and finally to 6695 Newport. Subsequently, Thompson observed Rodriguez and the other man emerge from the residence along with Alarcon and two young children. Rodriguez and the other man got into the pickup truck while Alarcon and the two children got into a Ford van. The pickup truck left, followed closely by the van.
 
 
 14
 Thompson observed the vehicles proceed ultimately to a stoplight at the entrance to the Dillon Inn Motel. He then saw Rodriguez, who was not driving the pickup truck, signal to Alarcon driving the van by pointing to the Dillon Inn. Alarcon drove the van to the location to which Rodriguez had pointed. A search conducted, pursuant to a search warrant, revealed one-hundred pounds of marijuana hidden inside the walls of the van. Thompson further testified that he had observed Rodriguez and Alarcon together on other occasions.
 
 
 15
 Appellant incorrectly argues that the burden is upon the government to prove beyond a reasonable doubt that a defendant exercised a managerial or supervisory role. As already noted, the burden on the government is proof of the predicate facts by a preponderance of the evidence. Mays, 902 F.2d at 1502. We held in United States v. Backas, 901 F.2d 1528, 1530 (10th Cir.), cert. denied, --- U.S. ----, 111 S.Ct. 190 (1990), that "Section 3B1.1(c) and the term 'supervisor' are satisfied upon a showing that the defendant exercised any degree of direction or control over someone subordinate to him in the distribution scheme". The testimony presented in this case is adequate to support a conclusion by a preponderance of the evidence that Rodriguez exercised some degree of direction or control over Alarcon. Appellant argues that no evidence was presented that he was familiar with the van's contents. However, other testimony at trial and in the sentencing hearing clearly established appellant's involvement with drug trafficking. Thus, the inference of knowledge of the contents of the van is not unreasonable. We therefore uphold the two-level increase imposed under § 3B1.1(c) as to sufficiency of evidence. There is no evidence to support appellant's brief suggestion that he is entitled to a decrease in offense level as a minimal or minor participant.
 
 
 16
 Appellant also attacks his sentence on the basis that the two-level increase was not in his contemplation when he entered his plea. Appellant does not argue that the increase renders his plea involuntary, but rather that his lack of contemplation means that the increase was "unlawfully imposed". We recently held that "[a]n 'illegal sentence' is one which is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to the substance of the sentence, or is a sentence which 'the judgment of conviction did not authorize' ". United States v. Wainwright, 938 F.2d 1096, 1098 (10th Cir.1991) [citations omitted].
 
 
 17
 None of the grounds listed have been established by the appellant here. The district court is not required to inform a defendant of the applicable Sentencing Guideline range, but only of the mandatory minimum penalty and the maximum possible penalty provided by law. United States v. Rhodes, 913 F.2d 839, 843 (10th Cir.1990), cert. denied, 111 S.Ct. 1079 (1991). We conclude that the two-level increase was not unlawfully imposed.
 
 
 18
 Appellant's remaining arguments are not substantial. He argues that the trial court erred in permitting the government to call as a witness a man named Corbin whose whereabouts were not disclosed to the defendant prior to trial. The government responds that Corbin was listed as a prosecution witness and that the prosecutor in fact did not know Corbin's location, as such knowledge is not permitted under the witness protection program of which Corbin was a part.
 
 
 19
 We note initially that a voluntary plea of guilty waives all non-jurisdictional defenses. See United States v. Davis, 900 F.2d 1524, 1525-26 (10th Cir.) cert. denied, 111 S.Ct. 155 (1990). Therefore, the objection to the testimony has been waived. In any event, the district court permitted defense counsel to interview the witness prior to cross-examination. We find no unfair surprise or prejudice. The relevancy of evidence and its admission is within the sound discretion of the trial court and the court's ruling will not be disturbed absent an abuse of discretion. United States v. Pinto, 755 F.2d 150, 152 (10th Cir.1985). The ruling of the court below is hereby upheld under that standard.
 
 
 20
 Next, appellant argues that the Sentencing Guidelines are violative of due process because they do not provide for "individualized" sentencing. This argument has long since been rejected. See United States v. Thomas, 884 F.2d 540 (10th Cir.1989).
 
 
 21
 In his statement of issues, defendant also lists the following: "1. Whether, for the purposes of guideline sentencing, a weapon was possessed during the commission of the offense" and "3. Whether the change of plea by a co-defendant during the trial, and the trial court's refusal to grant a mistrial on grounds of prejudice to the defendant, resulted in prejudice to the defendant and denial of a fair trial." However, the issues are not addressed in his brief. Accordingly, they have been waived. See Abercrombie v. City of Catoosa, 896 F.2d 1228, 1231 (10th Cir.1990). Even considering the issues on their merits, we find that the district court did not abuse its discretion in refusing to grant a mistrial (see United States v. Sanders. 929 F.2d 1466, 1469 (10th Cir.), cert. denied, --- U.S. ----, 112 S.Ct. 143 (1991)), and that the government proved weapon possession by a preponderance of the evidence (see United States v. Underwood, 938 F2d 1086, 1091 (10th Cir.1991)).
 
 
 22
 The conviction and sentence of the appellant are hereby AFFIRMED.
 
 
 
 *
 Honorable H. Dale Cook, Senior District Judge, United States District Court for the Northern, Eastern and Western Districts of Oklahoma, sitting by designation
 
 
 **
 This Order and Judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3