986 F.2d 1431
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Kenneth Daniel WEST, Defendant-Appellant.
 No. 92-6197.
 United States Court of Appeals, Tenth Circuit.
 Feb. 5, 1993.
 
 Before TACHA and BALDOCK, Circuit Judges, and SAFFELS, District Judge.*
 ORDER AND JUDGMENT**
 TACHA, Circuit Judge.
 
 
 1
 Kenneth Danny West pleaded guilty to possession of an unregistered firearm in violation of 26 U.S.C. § 5861(d) and was sentenced to forty-one months imprisonment plus three years supervised release. Mr. West appeals that sentence, arguing that it is based on an erroneously enhanced offense level. We exercise jurisdiction under 18 U.S.C. § 3742 and affirm.
 
 
 2
 On January 25, 1992, Oklahoma City police officers heard a gunshot while on routine patrol at the Ambassador Courts Apartments. The officers witnessed several young men running from the complex, one of whom indicated that he had been shot by an individual who was now hiding in apartment 972. The officers discovered Mr. West hiding in a closet in that apartment, clutching a sawed-off .20 gauge double-barrel shotgun. A search of Mr. West revealed four live rounds of ammunition and one spent round.
 
 
 3
 On January 27, 1992, Special Agent Luke Franey of the Bureau of Alcohol, Tobacco and Firearms interviewed West at the Oklahoma County Jail. In that interview, West stated that he had been purchasing crack cocaine from a street gang and that he went to the apartment complex hoping to trade the shotgun for crack cocaine.
 
 
 4
 On February 20, 1992, West and the government entered into a plea agreement in which West agreed to waive indictment, plead guilty to a one-count Information, and assist the government in its investigation. During a subsequent presentence interview with a probation officer, West admitted his addiction to crack cocaine and repeated that, while he had hoped to trade the shotgun for cocaine, the accidental discharge of the firearm scared the drug dealers away.
 
 
 5
 Based on West's admission, the probation officer prepared the presentence report applying a four-level enhancement for the use or possession of a firearm in connection with another felony or offense as provided in U.S.S.G. § 2K2.1(b)(5). United States Sentencing Commission, Guidelines Manual, § 2K2.1(b)(5) (Nov. 1992). The sentencing court imposed the enhancement over West's objection, resulting in an offense level of twenty-two. Based on that offense level and a criminal history category of I, the court sentenced West to forty-one months imprisonment plus three years supervised release. On appeal, West contends that (1) the government failed to satisfy the elements of an enhancement under § 2K2.1(b)(5); and (2) the government violated U.S.S.G. § 1B1.8 by using information obtained as a result of the plea agreement as the basis for the § 2K2.1(b)(5) enhancement.
 
 
 6
 Pursuant to 18 U.S.C. § 3742(e), we review the trial court's finding of facts underlying the sentence for clear error. United States v. Mays, 902 F.2d 1501, 1503 (10th Cir.1990). While the application of the guidelines to the facts is entitled to due deference, United States v. Rutter, 897 F.2d 1558, 1560 (10th Cir.), cert. denied, 111 S.Ct. 88 (1990), we review the interpretation of the guidelines de novo, United States v. Pinedo-Montoya, 966 F.2d 591, 595 (10th Cir.1992).
 
 
 7
 We first address West's claim that the § 5K2.1(b)(5) enhancement was improperly based on self-incriminating information obtained pursuant to a plea agreement. While § 1B1.8(a) does generally prevent the government from using self-incriminating information provided by the defendant pursuant to a plea agreement, subsection (b)(1) excludes from that restriction any information "known to the government prior to entering into the cooperation agreement." U.S.S.G. § 1B1.8(b)(1); see United States v. Easterling, 921 F.2d 1073, 1080 (10th Cir.1990), cert. denied, 111 S.Ct. 2066 (1991). West does not contest that, based on his conversation with Agent Franey, the government knew of his desire to trade the shotgun for cocaine prior to entering into the plea agreement. Under the plain language of § 1B1.8, the government was not precluded from offering this information in conjunction with West's sentencing.
 
 
 8
 We now consider whether the district court properly enhanced West's offense level under U.S.S.G. § 2K2.1(b)(5). Section § 2K2.1(b)(5) provides:
 
 
 9
 If the defendant used or possessed any firearm or ammunition in connection with another felony offense; or possessed or transferred any firearm or ammunition with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense, increase by 4 levels.
 
 
 10
 In this case, the defendant's own admission is ample evidence that, in traveling to the apartment complex with the shotgun and approaching drug dealers about an anticipated trade, West possessed the shotgun with the knowledge or reason to believe that it would be used or possessed in connection with another felony offense.
 
 
 11
 AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 The Honorable Dale E. Saffels, District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3