16 F.3d 418
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Rick A. LUIZ, Defendant-Appellant.
 No. 93-2090.
 United States Court of Appeals, Tenth Circuit.
 Feb. 10, 1994.
 ORDER AND JUDGMENT[1]
 
 1
 Before TACHA, BALDOCK, Circuit Judges, and CARRIGAN,[2] District Judge.
 
 
 2
 Rick A. Luiz appeals from a sentence imposed by the district court after he pleaded guilty to one count of conspiracy to manufacture more than 1,000 marijuana plants in violation of 21 U.S.C. 846, 21 U.S.C. 841(a)(1) and 841(b)(1)(a) and 18 U.S.C. 2. We exercise jurisdiction under 12 U.S.C. 1291 and 18 U.S.C. 3742(a) and affirm.
 
 I. Background
 
 3
 Mr. Luiz is the partial owner of a 480-acre ranch near Santa Rosa, New Mexico. Pursuant to a warrant, several agents searched the ranch on September 12, 1991, and discovered a sophisticated marijuana growing operation. The agents seized only fifty-two marijuana plants, however, because Mr. Luiz apparently destroyed a large portion of the marijuana crop prior to the agents' arrival. In seizing the fifty-two plants, the officers observed that two or three plants were growing in each "grow hole" and that there were approximately 1,000 such "grow holes" with sprinkler heads connected to an extensive irrigation system. The agents also found an additional 1,000 uninstalled sprinkler heads, fertilizer and a pump house containing two large water tanks.
 
 
 4
 Mr. Luiz pleaded guilty to one count of conspiracy to manufacture more than 1,000 marijuana plants and the district court sentenced him to sixty months imprisonment. Mr. Luiz appeals from the sentence imposed by the district court.
 
 II. Discussion
 
 5
 Mr. Luiz contends that the district court erred in determining the quantity of marijuana plants to be used in calculating his base offense level. We review the sentencing court's factual determinations under a clearly erroneous standard. United States v. Evans, 985 F.2d 497, 499 (10th Cir.1993) (citation omitted). Estimates are an acceptable method of calculating drug quantities so long as the information supporting the estimate has a minimum indicia of reliability. United States v. Easterling, 921 F.2d 1073, 1077 (10th Cir.1990), cert. denied, 111 S.Ct. 2066 (1991).
 
 
 6
 Here, the district court estimated that Mr. Luiz and his codefendants had the ability to produce at least 2,000 marijuana plants at the Santa Rosa site. Mr. Luiz concedes that the district court properly resorted to estimating the quantity of plants attributable to him and that he had the capability to produce at least 2,000 plants. He contends, however, that the district court's estimate should have been based on the amount he intended to produce rather than the amount he could have produced. This argument misses the mark. Even assuming that estimates of drug quantities should be based on intent, the district court's estimate in this case was, in essence, based on the amount that Mr. Luiz intended to produce. The evidence showed that the fifty-two plants seized at the Santa Rosa site were growing in a pattern of two or three plants per hole and there were approximately 1,000 grow holes, each with a sprinkler head connected to an extensive irrigation system. This evidence directly reflects on the amount that Mr. Luiz intended to produce. Thus, in estimating that Mr. Luiz could have produced at least 2,000 marijuana plants at the Santa Rosa site, the district court implicitly did take into account Mr. Luiz' intent. Because the district court's estimate is based on evidence in the record and has a "minimum indicia of reliability," we cannot say that the estimate is clearly erroneous. AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. --- F.R.D. ----
 
 
 [2]
 The Honorable Jim R. Carrigan, District Judge, United States District Court for the District of Colorado, sitting by designation