83 F.3d 434
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Stanley Lavell LEVI, Defendant-Appellant.
 No. 95-6194.
 United States Court of Appeals, Tenth Circuit.
 April 23, 1996.
 
 ORDER AND JUDGMENT[1]
 Before KELLY and BARRETT, Circuit Judges, and BROWN,** Senior District Judge.
 BARRETT, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Defendant-appellant Stanley Lavell Levi appeals from his sentence of conviction for distribution of cocaine base, 21 U.S.C. 841(a)(1), contending that (1) the disparity in sentencing between cocaine base and cocaine powder violates his equal protection rights under the Fifth Amendment, and (2) the district court erred in refusing a downward departure under U.S.S.G. 5K2.0 for substantial assistance even in the absence of a government motion under section 5K1.1. We exercise jurisdiction under 28 U.S.C. 1291 and 18 U.S.C. 3742 and affirm.
 
 
 3
 We have repeatedly held that the disparity in sentencing between cocaine base and cocaine powder does not violate the Equal Protection Clause. United States v. Williamson, 53 F.3d 1500, 1530 (10th Cir.), cert. denied, 116 S.Ct. 218 (1995); United States v. Williams, 45 F.3d 1481, 1485-86 (10th Cir.1995); United States v. Angulo-Lopez, 7 F.3d 1506, 1508-09 (10th Cir.1993), cert. denied, 114 S.Ct. 1563 (1994); United States v. Thurmond, 7 F.3d 947, 950-53 (10th Cir.1993), cert. denied, 114 S.Ct. 1311 (1994); United States v. Easter, 981 F.2d 1549, 1558-59 (10th Cir.1992), cert. denied, 113 S.Ct. 2448 (1993). Therefore, Levi's equal protection argument, which raises nothing new, is foreclosed.
 
 
 4
 Likewise, we have previously held that the district court may not grant a downward departure for substantial assistance in the absence of a motion by the government. Easter, 981 F.2d at 1555; United States v. Horn, 946 F.2d 738, 745 (10th Cir.1991). The requirement of a motion "is reasonable and does not offend due process." Horn, 946 F.2d at 746. Levi would have the district court use its discretionary power under U.S.S.G. 5K2.0 to effect a downward departure that would be permissible under section 5K1.1 only upon motion by the government. In the absence of a government motion, the district court properly refused to grant a downward departure for substantial assistance.
 
 
 5
 The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3
 
 
 **
 Honorable Wesley E. Brown, Senior District Judge, United States District Court for the District of Kansas, sitting by designation