F I L E D
United States Court of Appeals
Tenth Circuit

DEC 19 1997

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

STANLEY LAVELL LEVI,

     Defendant-Appellant.

No. 97-6166
(D.C. No. CR-93-234-C)
(W.D. Okla.)

**ORDER  AND  JUDGMENT** [*]

Before **BRORBY** , **EBEL** , and **KELLY** , Circuit Judges.

     Defendant-Appellant Stanley Lavell Levi challenged his sentence by filing a motion under 28 U.S.C. § 2255 claiming ineffective assistance of counsel. The district court denied Levi's motion and we affirm.

---

    [*] After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, *res judicata*, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

# BACKGROUND

On November 17, 1994, Stanley L. Levi ("Levi") was indicted on nine criminal counts, including one count of conspiracy to possess with intent to distribute and conspiracy to distribute cocaine base, five counts of interstate travel in aid of racketeering, and three counts of possession with intent to distribute cocaine base. On May 9, 1994, Levi pled guilty under a plea agreement to one count of possession with intent to distribute approximately 3 kilograms of cocaine base in violation of 21 U.S.C. § 841(a)(1).

Based on evidence gathered from other individuals involved in Levi's drug trafficking activities, the presentence report concluded that the cocaine base in Levi's possession at the time of his arrest constituted "crack" cocaine for purposes of sentencing under section 2D1.1 of the United States Sentencing Guidelines (the "Guidelines"). The presentence report also concluded that Levi was responsible for distributing in excess of 15 kilograms of cocaine base and used the 15 kilogram figure in the calculation of Levi's base offense as relevant conduct under U.S.S.G. § 3B1.3. The presentence report determined Levi's offense level under the Guidelines to be 38, but recommended a two-level downward adjustment for Acceptance of Responsibility credit. The presentence report calculated the sentence range at 210 to 262 months imprisonment based on a final offense level of 36 and a criminal history category of II.

Levi, through counsel, objected to each paragraph in the presentence report which stated that the cocaine base involved in the offense was crack cocaine. Despite Levi's objections, the district court concluded that adequate evidence supported the factual findings made in the presentence report, and the district court adopted those findings. The district court then sentenced Levi to 210 months imprisonment on January 24, 1995.

We affirmed Levi's conviction and sentence on direct appeal in United States v. Levi, No. 95-6194, 1996 WL 194905 (10th Cir. Apr. 23, 1996) (unpublished). On December 30, 1996, Levi filed a Motion to Set Aside or Correct Sentence under 28 U.S.C. § 2255. The district court denied Levi's motion in an order dated April 29, 1997. Levi now appeals.

## DISCUSSION

The district court had jurisdiction to consider Levi's petition under 28 U.S.C. § 2255. Because Levi filed his motion in district court after April 24, 1996, the certificate of appealability requirements under the Antiterrorism and Effective Death Penalty Act, 28 U.S.C.A. §§ 2254-66 (1996), apply to Levi's appeal. The district court did not issue a certificate of appealability. Nevertheless, we believe that Levi's appeal merits our review, and we hereby issue a certificate of appealability for the issues discussed below.

Levi raises two arguments on appeal. First, he challenges his sentence as a violation of his due process rights. Second, he claims ineffective assistance of counsel both at trial and on the direct appeal of his sentence and conviction. We address each argument in turn.

Note (D) to section 2D1.1 of the Guidelines clarifies that "'Cocaine base,' for the purposes of this guideline, means 'crack.' 'Crack' is the street name for a form of cocaine base, usually prepared by processing cocaine hydrochloride and sodium bicarbonate, and usually appearing in a lumpy, rocklike form." U.S.S.G. § 2D1.1, note (D) (1995). Levi contends that because he only pled guilty to possession with intent to distribute cocaine base, when the court sentenced him for possession with intent to distribute crack cocaine it violated his constitutional rights to due process. However, Levi did not present this argument on direct appeal. His failure to raise the issue on direct appeal bars him from presenting the issue in his section 2255 motion unless "he can show cause excusing his procedural default and actual prejudice resulting from the errors of which he complains, or can show that a fundamental miscarriage of justice will occur if his claim is not addressed." United States v. Cook, 997 F.2d 1312, 1320 (10th Cir. 1993). As a result, we only need consider Levi's ineffective assistance of counsel claim because that claim is the sole cause Levi advances for failing to include on direct appeal the issues now presented in his 2255 motion.

Levi argues that his defense counsel should have contested the sentence on the grounds that crack cocaine and cocaine base are not identical and that Levi only pled guilty to possession of cocaine base, not of crack cocaine. See, e.g., United States v. Munoz-Realpe, 21 F.3d 375, 377-78 (11th Cir. 1994) (sentence enhancements under section 2D1.1 of the Guidelines related to trafficking of "cocaine base" only apply to cocaine that qualifies as "crack" cocaine). To establish a claim of ineffective assistance of counsel, "a defendant must show (1) that his attorney's performance was deficient and (2) that the deficient performance prejudiced his defense." Strickland v. Washington, 466 U.S. 668, 687 (1984). "Under the prejudice aspect of Strickland we inquire whether 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Rogers v. United States, 91 F.3d 1388, 1392 (10th Cir. 1996) (quoting United States v. Kissick, 69 F.3d 1048, 1055 (10th Cir. 1995)), cert. denied, 117 S. Ct. 1000 (1997). We find that Levi's claim fails to satisfy the prejudice prong of the Strickland test. Thus, we do not address the question of whether Levi's counsel acted improperly by failing to raise the issue.

The government only needed to prove by a preponderance of the evidence that the cocaine base in Levi's possession was in fact crack cocaine for sentencing purposes under the Guidelines. United States v. Adams, 125 F.3d 586, 592 (7th

Cir. 1997). We review "the sentencing court's factual findings under a clearly erroneous standard." Id. at 578. The presentence report included extensive evidence that Levi possessed crack cocaine. Levi offers no evidence to support his contention that he did not possess crack cocaine. Thus, this record establishes that Levi possessed crack cocaine, and Levi cannot show how he was prejudiced by counsel's failure to raise the issue on direct appeal.

Levi also objects to the type of evidence in the presentence report describing the seized cocaine base as crack cocaine. Specifically, he claims that the presentence report includes inadmissible hearsay evidence that should not have been considered by the district court when it adopted the presentence report's findings that Levi possessed crack cocaine. Nevertheless, the district court "may consider any reliable information, including hearsay," to evaluate a defendant's criminal conduct for sentencing purposes. United States v. Mays, 902 F.2d 1501, 1503 (10th Cir. 1990). Thus, any objection by Levi's counsel on this point also would not have changed the final disposition of Levi's sentence.

For these reasons, we AFFIRM the order of the district court.

The mandate shall issue forthwith.

ENTERED FOR THE COURT

David M. Ebel
Circuit Judge

- 6 -