**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Norman COOPER, doing business as**
**C & H Contracting Company,**
**Defendant–Appellant.**

No. 95–1005.

United States Court of Appeals,
Tenth Circuit.

Nov. 20, 1995.

Charlotte J. Mapes, Assistant United States Attorney, (Henry L. Solano, United States Attorney with her on the brief), Denver, Colorado, for Plaintiff–Appellee.

Clifford J. Barnard, Boulder, Colorado, for Defendant–Appellant.

Before MOORE, HENRY, and BRISCOE, Circuit Judges.

HENRY, Circuit Judge.

The defendant, Norman Cooper, appeals his fifteen-month sentence for a violation of 18 U.S.C. § 641, Theft of Government Property Valued in Excess of $100.00. Mr. Cooper alleges that the government breached its plea agreement with him and that he should be allowed to withdraw his guilty plea. Because the government clearly violated the terms of the agreement, we vacate the plea and the judgment and remand for further proceedings.

## BACKGROUND

Mr. Cooper was originally charged with theft of government property valued at approximately $300,000.00. The parties were unable to reach a plea agreement on this charge which the court would accept. Because the government was apparently unable to prove the $300,000.00 value beyond a reasonable doubt, it thereafter filed a superseding indictment charging the defendant with theft of government property valued in excess of $100.00. The parties then entered into a plea agreement, the pertinent provisions of which read as follows:

> [T]he government will recommend that the defendant receive a sentence of probation. This recommendation is the *only* representation/inducement that the government has made to the defendant.
>
> . . . .

Pertinent facts are set out below in order to provide a factual basis of the plea and to provide facts which the parties believe are relevant . . . for computing the appropriate guideline range. . . .

The statement of facts herein does not preclude either party from presenting and arguing, for sentencing purposes, additional facts or factors not included herein which are relevant to the guideline computation . . . or to sentencing in general. . . . Nor is the court or probation precluded from the consideration of such facts. . . .

The parties agree that the government's evidence would show that the date on which conduct relevant to the offense . . . began was February 1, 1990.

Aplt.App. at 38–40.

In the agreement, the government calculated Mr. Cooper's offense level under the sentencing guidelines to be level 5 with a corresponding sentencing range of 0 to 6 months. Thus, the difficulty of proving the original amount of loss and the corresponding calculation of the sentencing range logically suggested the government's agreement to a sentence of probation.

However, something happened on the way to the courthouse. Although the government had estimated Mr. Cooper's offense level to be 5 in the plea agreement, the probation officer's presentence report stated that Mr. Cooper's total offense level was 13, an offense level that does not include probation as a possible sentence. Prior to accepting Mr. Cooper's guilty plea, the district judge reminded the parties that the amount of loss to the government might actually be greater than the amount presumed by the plea agreement and advised Mr. Cooper that the court could consider the additional loss if it were satisfactorily proven for sentencing purposes. The court also stated: "I want both of you to understand this could be— could well be a situation where the Court makes a determination at sentencing that would result in a finding that the loss is the same as the loss that was originally talked about [in the original indictment]." Aplee. Supp.App. at 5–6.

The court thereafter held a sentencing hearing and received the testimony of a geologist called as a witness for the government. Although the plea agreement had stipulated that relevant conduct occurred after January 31, 1990, the government proceeded to elicit testimony from the geologist with regard to conduct occurring prior to that date. This testimony tended to show a greater loss to the government than that presumed by the parties' plea agreement.

In her argument at the sentencing hearing, the Assistant United States Attorney urged that—based in part on conduct occurring prior to January 31, 1990—the loss to the government was approximately $301,000.00. The government therefore took the position that the proper offense level was 14, carrying a sentencing range of 15 to 21 months, rather than the offense level of 5 suggested by the government in the plea agreement. Additionally, the government never explicitly recommended a sentence of probation, but instead recognized its duty under the plea agreement only in response to an inquiry by the court, and even then argued that probation would be an illegal sentence:

> [THE COURT:] The sentencing plea agreement in this case entered into under Rule 11(e)(1)(B) requires that the government agreed [sic] that probation is the appropriate sentence. At least that was the original plea agreement. I think that was before [the Assistant United States Attorney, Ms. Jenner,] got into the case. Am I looking at the wrong—
>
> MS. JENNER: Your Honor—
>
> THE COURT: I'm sorry.
>
> MS. JENNER: —it was part of the original plea agreement. However, once I entered the case, I felt bound by that, and I put it in there as well.
>
> THE COURT: All right.
>
> MS. JENNER: But I recognize that the court cannot be bound by something that is illegal and impossible under the Sentencing Guidelines. So—
>
> THE COURT: All right.
>
> MS. JENNER: It does appear in the plea agreement that I drafted and I'm a signatory to.

> THE COURT: Okay. The government's recommendation is outside the Guideline range, and, therefore, I cannot accept the recommendation. With that exception, the plea and plea agreement are accepted.

Aplt.App. at 119.

The district court went on to find that Mr. Cooper had caused approximately $301,000.00 in loss and that the appropriate offense level was 14. The court thereafter sentenced Mr. Cooper to fifteen months imprisonment, stating that probation was outside the applicable guidelines range.

## DISCUSSION

 "Whether government conduct has violated a plea agreement presents a question of law which we review de novo." *Allen v. Hadden,* 57 F.3d 1529, 1534 (10th Cir. 1995). Additionally, plea agreements are governed by contracts principles. *United States v. Massey,* 997 F.2d 823, 824 (10th Cir.1993).

 The applicable Supreme Court precedent clearly holds the government accountable with regard to any promises made to induce a defendant to plead guilty: "[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, *such promise must be fulfilled.* " *Santobello v. New York,* 404 U.S. 257, 269, 92 S.Ct. 495, 502, 30 L.Ed.2d 427 (1971) (emphasis added); *see also Brady v. United States,* 397 U.S. 742, 755, 90 S.Ct. 1463, 1472, 25 L.Ed.2d 747 (1970) (" ' "[A] plea of guilty entered into by one fully aware of the direct consequences ... must stand unless induced by ... misrepresentation (including unfulfilled or unfulfillable promises)." ' ") (quoting *Shelton v. United States,* 246 F.2d 571, 572 n. 2 (5th Cir.1957) (en banc) (quoting *Shelton v. United States,* 242 F.2d 101, 115 (5th Cir.1957) (Tuttle, J., dissenting)), *rev'd on other grounds,* 356 U.S. 26, 78 S.Ct. 563, 2 L.Ed.2d 579 (1958)). Additionally, "In order to comply with the plea agreement, the government cannot rely upon a 'rigidly literal construction of the language' of the agreement, nor may it accomplish 'through indirect means what it promised not

to do directly.' " *United States v. Hand,* 913 F.2d 854, 856 (10th Cir.1990) (quoting *United States v. Shorteeth,* 887 F.2d 253, 256 (10th Cir.1989)).

■ Mr. Cooper argues that the government breached the plea agreement by failing to recommend probation. He also argues that the government breached the agreement by presenting evidence of conduct occurring prior to January 31, 1990 in contravention of the stipulation that all relevant conduct occurred after January 31, 1990; by presenting evidence of loss that mandated a prison sentence greater than probation; and by acting in bad faith by knowingly creating a situation in which the court could not possibly adopt a recommendation of probation. Thus, Mr. Cooper's basic legal argument is that the contract fails because the consideration for which he bargained—the government's agreement to recommend probation—was illusory.

The government, on the other hand, argues that it was under an ethical duty to bring evidence of loss to the sentencing court's attention regardless of the nature of the plea agreement. *See Hand,* 913 F.2d at 856–57 (citing cases which hold that the government must bring pertinent information to the sentencing court's attention). The government places particular reliance on *United States v. Jimenez,* 928 F.2d 356 (10th Cir.), *cert. denied,* 502 U.S. 854, 112 S.Ct. 164, 116 L.Ed.2d 129 (1991). In *Jimenez,* the defendant entered a plea agreement that required the government to recommend a sentence of seven years imprisonment. The government learned, after entering the plea agreement but prior to sentencing, that the defendant had disseminated transcripts of a witness's grand jury testimony in order to intimidate the witness. The prosecutor brought this information to the court's attention prior to sentencing, and the court thereafter sentenced the defendant to twenty years imprisonment. On appeal, the defendant argued that the prosecutor had "so undercut its recommendation [of a seven-year sentence] as to constitute a violation of the plea agreement." *Id.* at 363. The court held the prosecutor's behavior did not violate the terms of the plea agreement:

> Because the plea agreement in this case cannot be reasonably interpreted as prohibiting the government from informing the sentencing court of relevant conduct of this nature (which came to the government's attention after the parties' plea agreement was reached), the government's actions did not violate the plea agreement.
>
> ... It is clear that the fact that a plea agreement has been entered into between the government and a defendant cannot alone prohibit the government from bringing relevant information to the attention of the trial judge at the time of sentencing. In fact, the prosecutor has an ethical duty to disclose such information which, in this case, postdated the parties' plea agreement.

*Id.* (citation omitted). The court also concluded that "although the government attorney undeniably demonstrated a clear lack of enthusiasm for the recommended sentence, an unenthusiastic recommendation is still a recommendation. On this record, the court does not find that the government 'accomplished by indirect means what it promised not to do directly.' " *Id.* at 364 (quoting *United States v. Shorteeth,* 887 F.2d 253, 256 (10th Cir.1989)) (citation omitted).

In light of *Jimenez,* the government argues that regardless of the terms of the agreement, the prosecutor had an ethical duty to bring the evidence of $301,000.00 of loss to the court's attention. However, we believe that the government ignores two critical distinctions: First, the government clearly knew of its ethical duty in this case when it entered into the plea agreement with Mr. Cooper. All of the information that was disclosed by the government at sentencing was known by the government when it made the plea agreement. Given this knowledge, it is difficult to understand how the government could, in good faith, proceed to enter into an agreement with Mr. Cooper that could not, consistent with its ethical duty of disclosure, be fulfilled. Second, *Jimenez* recognized that the agreed sentence must still be recommended by the government. Although the *Jimenez* court noted that "the government attorney undeniably demonstrated a clear lack of enthusiasm for the recom-

mended sentence, an unenthusiastic recommendation is still a recommendation," *id.* at 364; *see also United States v. Benchimol,* 471 U.S. 453, 455, 105 S.Ct. 2103, 2104, 85 L.Ed.2d 462 (1985) (per curiam) (holding that a defendant generally has no right to an enthusiastic recommendation unless the plea agreement commits the government to make the recommendation enthusiastically), it is clear under the facts of that case that the government did indeed recommend the seven-year sentence, *see Jimenez,* 928 F.2d at 360 (" '[The government] will stand by that recommendation if for no other reason than as a matter of honor.' ") (quoting remarks of the government attorney at the defendant's sentencing hearing). In the instant case, however, the government never made the promised recommendation, but instead merely responded when asked by the court that the promise to make the recommendation "does appear in the plea agreement." Aplt. App. at 119. The prosecutor then proceeded to take with her left hand any conceivable benefit she had given with her right hand by stating, "But I recognize the Court cannot be bound by something that is illegal and impossible." *Id.* The prosecutor's statements in this case could hardly have constituted a "recommendation," enthusiastic or otherwise, and actually served to undermine Mr. Cooper's request for a sentence of probation. *C.f. United States v. Greenwood,* 812 F.2d 632 (10th Cir.1987) (holding that government breached agreement to not recommend incarceration by arguing to the court that the defendant lacked remorse and the court should use the case to deter others from committing tax evasion).

■ The prosecutor has many ethical duties, including ethical duties of deciding what charges to bring and what plea agreements to make. When those agreements are made with full knowledge of the facts at hand, those agreements should be, as *Hand* stated, "fulfilled to maintain the integrity of the plea," not to mention the integrity of the government. If at a later date the govern-

ment discovers facts that cause it to believe that its prosecutorial discretion was not properly exercised, it has the ethical obligation to withdraw from the plea agreement and advise the defendant so that he or she may prepare for trial or renegotiate. It is certainly not proper for the government to wait until the sentencing hearing then breach the terms of the plea agreement, shielding its behavior by claiming its obligation to be an ethical officer of the court.

It is disappointing that the government seeks to create an ethical conflict between its duty to inform the court and its duty to keep its promises. This ethical dilemma, to the extent that there is one, must be resolved at the time the government makes its plea agreement. At that point, the government must determine whom to charge and what to charge. Should subsequent information come to the government's attention requiring it to withdraw from the plea agreement, that is certainly understandable. What is not understandable is that the government would wait until the sentencing hearing and then attempt to disregard the sole consideration given for the defendant's guilty plea because of an ethical duty of which the government was well aware from the start.

It is critical that the government stand by its agreements for many reasons, but two rise to the fore: First, as the government attorney in *Jimenez* noted, as a "matter of honor." Second, as the government's attorney admitted during oral argument in this case, in order to encourage plea bargaining. Hopefully, government prosecutorial conduct should set the ethical standard; minimally it should comply with the law.

■ Because the government breached its plea agreement, and because the plea agreement in this case was based on an "unfulfillable promise," *see Brady,* 397 U.S. at 755, 90 S.Ct. at 1472, the only adequate remedy in this case is to allow Mr. Cooper to withdraw his guilty plea.[1]

---

1. Mr. Cooper also states in his brief that he would like to preserve his right to bring an ineffective assistance of counsel claim in a habeas proceeding. This statement is not necessary to preserve Mr. Cooper's right to bring such a claim on collateral review. *See United States v. Galloway,* 56 F.3d 1239, 1242 (10th Cir.1995) (en banc) ("The rule in this circuit ... is that claims of constitutionally ineffective counsel should be brought on collateral review....").

568

We accordingly VACATE Mr. Cooper's guilty plea and REMAND the case for further proceedings.