PUBLISH

**UNITED STATES COURT OF APPEALS**

**Filed 7/15/96**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

HOYLE E. BELT,

        Defendant - Appellant.

No. 95-6370

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA
(D.C. No. CR 95-72-A)**

---

Mary E. Bane, Oklahoma City, Oklahoma, for Defendant - Appellant.

Mark A. Yancey, Assistant United States Attorney (Patrick M. Ryan, United States Attorney, and M. Jay Farber, Assistant United States Attorney, on the brief), Oklahoma City, Oklahoma, for Plaintiff - Appellee.

---

Before **ANDERSON**, **ENGEL**[*], and **LOGAN**, Circuit Judges.

---

**ANDERSON,** Circuit Judge.

---

[*]The Honorable Albert J. Engel, Circuit Judge of the Sixth Circuit Court of Appeals, sitting by designation.

Hoyle E. Belt pleaded guilty to conspiracy to distribute a controlled substance in violation of 18 U.S.C. § 846. He appeals from the sixty month sentence imposed by the district court, contending that: 1) the government violated the plea agreement; 2) imposition of the statutory minimum term of imprisonment violated his equal protection and due process rights; and 3) the district court erred in failing to consider a mitigating circumstance contemplated under 18 U.S.C. § 3553(b) and USSG §5K2.0. We affirm.

## I. BACKGROUND

In June 1995, the government entered into a plea bargain with Belt, by which it agreed to "make no recommendation as to the actual sentence to be imposed" at the time of sentencing. Appellant's Sealed App. Vol. II at 1-2. On the day of sentencing, the government filed a motion under USSG §5K1.1, asking the court to depart from the sentencing guidelines because of Belt's substantial assistance. Id. at 9-11. At the sentencing hearing, defense counsel noted that the government's 5K1.1 motion also allowed the court to ignore statutory minimums, and both the court and the government agreed.[1] Appellant's App. Vol. I at 23, 30-31. Defense counsel urged leniency in

_____

[1]The circuits have split on this issue. Although the Tenth Circuit has not directly addressed the question, language in several cases supports the position that a motion under 5K1.1 allows the district court to ignore statutory minimums. See, e.g., United States v. Bush, 70 F.3d 557, 560-61 n.3 (10th Cir. 1995) ("[T]he district court may depart
(continued...)

sentencing based on 1) the Government's 5K1.1 motion as well as circumstances set out in §5C1.2 of the guidelines; 2) the mitigating factor that Belt's homosexuality would subject him to particular victimization in prison, and 3) Belt's effective rehabilitation. See id. at 23-29.

Following the argument regarding vulnerability to victimization, the court asked, "Are you carrying this so far as to urge a sentence of probation, for example?" Id. at 26. Counsel responded affirmatively, "Well, I would," but then immediately addressed length of incarceration: "even should this Court recommend incarceration . . . . a year to a person who is totally being harassed . . . can seem like an eternity." Id.

---

[1](...continued)
below [§ 841(b)] mandatory minimum sentences where, as here, the government has moved for a downward departure pursuant to USSG §5K1.1."), cert. denied, 116 S. Ct. 795 (1996). Since argument in this case, the Supreme Court has settled the issue, overruling this circuit's interpretation. Melendez v. United States, ____ U.S. _____, 1996 WL 327175, at *4 (U.S. June 17, 1996) (holding that a government motion under 5K1.1 attesting to a defendant's substantial assistance and requesting that the district court depart from the guidelines does not also authorize the court to depart below a lower statutory minimum sentence).

As noted, in Belt's case the government's motion requested departure below the guidelines only. Although the government acknowledged the court's authority to depart below the statutory minimum at the sentencing hearing -- in context, that acknowledgment appears to have been based on dicta in Tenth Circuit cases which Melendez has overruled. Thus, the acknowledgment does not satisfy the proviso in Melendez, that "specific language" or "express reference to § 3553(e)" is not necessary to authorize departure below the statutory minimum, so long as the government "in some way indicate[s] its desire or consent." Id. at *4 n.5. In any event, since the district court in this case did not depart below the statutory minimum, even though it believed it could, no remand is necessary.

At the conclusion of the defense statements, the court asked the prosecutor "what would be a reasonable departure if departure is done at all?" Id. at 30. Initially, the prosecutor responded, "Well, then I don't know if I can help the Court on that at all. I think that's obviously -- you know, according to the terms of the plea agreement I certainly cannot recommend a sentence that should be imposed." Id. Nonetheless, he continued:

> I am concerned, however, with [the defense] argument for probation. First, I have two reasons. The first reason, of course, is it's still a very serious offense. And although Mr. Belt is not involved in this sort of activity before -- since, he still has not essentially been punished for his activities, so there is that remaining. And I think that that is part and parcel of why the criminal statutes are used and people are sent to the penitentiary for that even though they have rehabilitated.
>
> The second point is, I would be very concerned should this Court carve out an exception for Mr. Belt, in the case of Mr. Belt and certainly in future cases, due to the fact that he is a homosexual. I'm certainly not naive to think that Mr. Belt may not have or he may in fact have problems in the penitentiary. However, not unlike a lot of individuals, whether they're homosexual or not, I don't know that that's going to carve out any particular exception for Mr. Belt. . . .
>
> And again, carving out that exception . . . I think can be a very dangerous precedent-setting factor, and I think it would have terrible results in this case and in others. I don't think it would certainly send the proper message to people who are homosexual, oh, just commit the crime and cooperate a little bit and the Judge will cut you some slack because you'll have problems in prison.

Id. at 31-32.

The district judge then found that Belt's offense was too serious to warrant mere probation. Citing Congress' minimum standards and his own long experience with

- 4 -

determining a proper benchmark for sentencing, the district judge sentenced Belt to sixty months' imprisonment. Id. at 34.

## II. DISCUSSION

A. Breach of the Plea Agreement.

1. Waiver. The government contends that Belt must justify his failure to object at the time of the alleged breach in order to preserve this claim for appeal. However, the government also acknowledges the Tenth Circuit's general rule that "failure to object to a breach of a plea agreement ordinarily does not waive the issue." Appellee's Br. at 9-10 (citing United States v. Robertson, 45 F.3d 1423, 1443 (10th Cir.), cert. denied, 116 S. Ct. 133 (1995)); see also United States v. Hand, 913 F.2d 854, 856 n.2 (10th Cir. 1990). The government cites no authority for its waiver argument, and makes no attempt to distinguish the controlling precedent. Accordingly, we reject the government's claim of waiver.

2. Government's Obligation and Duty. Belt contends that he was eligible for a probationary sentence, and that the government's argument against probation violated the plea agreement. Although he requests no specific remedy in his brief, at oral argument Belt asked for a remand for resentencing in front of a different judge who did not hear the improper statements. In response, the government disputes Belt's eligibility for

probation, noting that the applicable sentencing statute specifically prohibits probation.[2]

Thus, the government argues that its statements "implicitly advised the court that probation would not be an appropriate, lawful sentence," and, hence, did not violate the plea agreement. Appellee's Br. at 14. Alternatively, the government contends that any breach was harmless.

Whether the government has violated a plea agreement is a question of law which we review de novo. United States v. Cooper, 70 F.3d 563, 565 (10th Cir. 1995). "Additionally, plea agreements are governed by contracts principles." Id. Certainly an argument against probation is a form of sentence recommendation. Moreover, we have recently held that a prosecutor cannot avoid the government's plea agreement obligation by claiming a contrary duty as an officer of the court.[3] Id. at 567. In any event, the

_____

[2]21 U.S.C. § 846 provides that a person who conspires to commit a drug offense is "subject to the same penalties as those prescribed for the offense." Section 841 is the offense statute which prohibits the distribution of a controlled substance. Subsection 841(b)(1)(B) sets out the relevant maximum and minimum punishments, and further provides: "[n]otwithstanding any other provision of law, the court shall not place on probation . . . any person sentenced under this subparagraph."

[3]In Cooper, 70 F.3d at 567, we considered the government's failure to recommend probation as promised in the plea agreement:

It is certainly not proper for the government to wait until the sentencing hearing then breach the terms of the plea agreement, shielding its behavior by claiming its obligation to be an ethical officer of the court.

It is disappointing that the government seeks to create an ethical conflict between its duty to inform the court and its duty to keep its promises.

prosecutor in this case did not, implicitly or otherwise, suggest concern about any illegality or matter of law. Instead, the prosecutor <u>argued</u> general penal policy. He argued that probation was unwarranted because Belt had not been punished, and he argued against setting a precedent that would make homosexuality a circumstance justifying probation. Cf. <u>United States v. Greenwood</u>, 812 F.2d 632, 636 (10th Cir. 1987) (finding a breach in prosecutor's argument about the need to send a proper message to like-minded potential law breakers).

When the government obtains a guilty plea in exchange for a promise or agreement with the U.S. Attorney, such promise or agreement must be fulfilled. See <u>Santobello v. New York</u>, 404 U.S. 257, 262 (1971); <u>Greenwood</u>, 812 F.2d at 637. The government cannot prevail upon a formalistic, literal interpretation of the language in the plea agreement, and it may not do indirectly what it promised not to do directly. <u>Hand</u>, 913 F.2d at 856. We conclude that the government breached its plea agreement.

Nonetheless, contrary to Belt's bald assertion that he was entitled to probation,[4] the government correctly states the law in its brief to us: as a matter of law, probation is not an available sentencing option in Belt's case. 21 U.S.C. §§ 841(b)(1)(B), 846; <u>see</u> <u>United States v. Roth</u>, 32 F.3d 437, 439-40 (9th Cir. 1994); <u>United States v. Snelling</u>, 961 F.2d

---

[4]We note that Belt made no objection to presentence report paragraphs 56 and 57, both of which state that Belt "is not eligible for probation because the instant offense is one for which probation has been expressly precluded by statute." Appellee's Br., Supplemental App. at 12 (citing 21 U.S.C. § 841(b)(1)(B) and USSG §5B1.1(b)(2)).

93, 96-97 (6th Cir. 1991); <u>United States v. Thomas</u>, 930 F.2d 526, 528 (7th Cir.), <u>cert. denied</u>, 502 U.S. 857 (1991), <u>overruled on other grounds</u>, <u>U.S. v. Canoy</u>, 38 F.3d 893 (7th Cir. 1994). The only remedy which Belt seeks is a remand for resentencing. However, the complained-of effect of the government's breach cannot be remedied by resentencing, since a sentence of probation is not possible. Additionally, under <u>Melendez v. United States</u>, ____ U.S. _____, 1996 WL 327175, at *4 (U.S. June 17, 1996), the district court imposed the lowest sentence possible, since the government's 5K1.1 motion did not authorize departure below the statutory minimum. Therefore, in the very limited context presented here, the breach was harmless.

B. <u>Imposition of the Statutory Minimum</u>. As his second claim, Belt contends that the district court violated his equal protection and due process rights when it imposed the sixty month statutory minimum sentence. He argues that 18 U.S.C. § 3553(f), as repeated in USSG §5C1.2, should apply to his case, thereby requiring that he be sentenced "without regard to any statutory minimum sentence." <u>See</u> Appellant's Br. at 7. The government responds that Belt expressly waived any claim for sentencing under 5C1.2, and that, moreover, any sentence available under that section would have been greater than the sentence he actually received. Appellee's Br. at 7.

The district court's application of the sentencing guidelines is subject to de novo review for errors of law. <u>United States v. Diggs</u>, 8 F.3d 1520, 1526 (10th Cir. 1993). Although Belt devotes considerable space to his argument, he cites no authority for the

proposition that he has a fundamental right to be sentenced under 5C1.2 rather than 5K1.1.[5] Certainly, based on the facts of his case, Belt qualified for consideration under both sections. Although 5C1.2 is self-executing, the degree of departure is limited by its terms. As the government correctly notes, 5C1.2 authorizes a judge to ignore the statutory minimum, but does not authorize departure below the guidelines. By contrast, 5K1.1 does authorize departure below the guidelines. Inasmuch as the guideline range for Belt's offense level was 87 to 108 months' imprisonment, Belt wisely chose 5K1.1 over 5C1.2.[6] Having clearly benefited from his choice to have his sentence imposed

---

[5]As we recently noted, the two provisions work very differently. United States v. Acosta-Olivas, 71 F.3d 375, 379 (10th Cir. 1995). Not only does the manner of bringing the departure request differ, the actual method of departure differs under the two provisions.

Under 5K1.1, the court may depart from the guidelines only, but may not go below the statutory minimum without a specific government request under 18 U.S.C. § 3553(e). Melendez, 1996 WL 327175, at *4. Under 5C1.2, the court "shall impose a sentence in accordance with the applicable guidelines without regard to any statutory minimum sentence." That is, although the court is directed to ignore the statutory minimums, it may not ignore the guidelines.

[6]Absent consideration of mitigating factors, the lowest sentence under 5C1.2 would have been almost 50% greater than the minimum statutory sentence of sixty months. Therefore, we reject Belt's assertion that the choice to be sentenced under 5K1.1 was forced rather than voluntary. Additionally, we note that, under recent amendments to the guidelines, Belt's sentence range still would have been greater than the statutory minimum. That is, effective November 1, 1995, USSG §2D1.1(b) was amended to provide for a two level reduction for persons with an offense level greater than 25 who meet the criteria of 5C1.2(1) to (5). See USSG §2D1.1(b)(4). Belt's sentencing occurred on September 28, 1995, but even if 2D1.1(b)(4) had been effective at that time, a two level reduction would have resulted in an offense level of 27 and a guideline range of 70-87 months.

pursuant to the government's motion, Belt may not now claim that the court improperly applied that chosen procedure. Thus, even if Belt did have a fundamental right to be sentenced under 5C1.2, it is a right which he could and did forfeit. See Yakus v. United States, 321 U.S. 414, 444 (1944) ("No procedural principle is more familiar . . than that a constitutional right may be forfeited in criminal as well as civil cases by the failure to make timely assertion of the right. . . ."). We conclude that the district court did not err in its application of the guidelines.

C. Departure for Extraordinary Circumstance. As his third claim, Belt contends that the court erred in failing to consider the strong likelihood of his victimization as a mitigating circumstance. Absent the trial court's clear misunderstanding of its discretion to depart, or its imposition of a sentence which violates the law or incorrectly applies the guidelines, we have no jurisdiction to review a refusal to depart. 18 U.S.C. § 3742(a); United States v. Rodriguez, 30 F.3d 1318, 1319 (10th Cir. 1994); United States v. Barrera-Barron, 996 F.2d 244, 245 (10th Cir.), cert. denied, 114 S. Ct. 358 (1993).

In extraordinary and limited circumstances, vulnerability to victimization may be an appropriate consideration for discretionary departure.[7] Koon v. United States, ___ U.S. ___, 1996 WL 315800, at *20 (U.S. June 13, 1996); United States v. Maddox, 48

_____

[7]Because we lack jurisdiction to review the discretionary refusal to depart, and because the issue is not otherwise raised, we make no determination as to Belt's qualification for a departure on this basis.

- 10 -

F.3d 791, 797-98 (4th Cir. 1995); <u>United States v. Lara</u>, 905 F.2d 599, 605 (2d Cir. 1990); <u>United States v. Long</u>, 977 F.2d 1264, 1277 (8th Cir. 1992).

In imposing Belt's sentence, the district court failed to address the subject of downward departure for vulnerability. While it would have been preferable for the court to expressly rule on the matter, nothing in the transcript of the sentencing hearing indicates that the court thought it lacked discretion to consider the issue.[8] "[U]nless the judge's language unambiguously states that the judge does not believe he has authority to downward depart, we will not review his decision." <u>Rodriguez</u>, 30 F.3d at 1319. Thus, we lack jurisdiction to review this claim.

For the reasons stated, the decision of the district court is AFFIRMED.

---

[8]In fact, a fair reading of the transcript indicates that the court believed it did have discretion to consider the issue. Additionally, we note that the government's general argument on penal policy at the sentencing hearing did not include any contention that the court lacked discretion to consider the issue, and, to the extent of the minimum mandatory sentence actually imposed, the government does not now contend that any consideration was legally or factually improper.