**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 31 1999**

**PATRICK FISHER**
**Clerk**

## UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

ISMAEL RODRIGUEZ-LIRA, also
known as Alfredo Garcia,

      Defendant-Appellant.

No. 98-1235
(D.C. No. 97-CR-286-D)
(Colorado)

---

## ORDER AND JUDGMENT[*]

---

Before **SEYMOUR**, Chief Judge, **BALDOCK** and **HENRY**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant Ismael Rodriguez-Lira entered a guilty plea to illegally entering the United States after having been arrested and deported subsequent to an aggravated felony conviction. He contends on appeal that he should be able to withdraw his guilty plea or be resentenced because the district court improperly calculated his sentencing offense level and the prosecutor failed to honor the plea agreement not to oppose a downward departure. We deny the withdrawal of the guilty plea but remand for resentencing based on the prosecutor's conceded failure to honor the spirit of the plea agreement.

On September 7, 1996, after serving a federal sentence for a drug related offense and then a state sentence for an aggravated felony of assault, Mr. Rodriguez-Lira was deported to his country of citzenship, Mexico. He subsequently returned to the United States and was charged with illegal re-entry, to which he pled guilty. In exchange for the plea, the government agreed not to oppose a two point downward departure and to recommend a sentence at the low end of the guideline range. At sentencing, Mr. Rodriguez-Lira unexpectedly argued for a four point reduction in consideration of exceptional family hardship. The prosecutor responded by stating,

> [m]y understanding of the law as far as downward departures is that a downward departure may be authorized when the defendant's situation is out of . . . the heartland of cases. . . . [I]t is not out of the heartland when someone is convicted to be deported and for the remainder of the family to suffer as a result. . . . So that therefore I don't think the fact that he had a family takes it out of the heartland. . . .

[He did not try] to do the right thing. . . . He never said I have an emergency, my children are at grave risk because of their mother, please, Mr. United States consul, let me back in. He just came in. . . ."

Aplt. App. at 136-37. In the same breath, the prosecutor reiterated that he would honor the plea agreement not to oppose a two point downward departure.

The government concedes on appeal that the prosecutor's statements violated the spirit of the plea agreement and recommends a resentencing before a different judge. Mr. Rodriguez-Lira asks in the alternative to withdraw his plea agreement.

We review de novo whether government conduct has violated a plea agreement. *See United States v. Hawley*, 93 F.3d 682, 692 (10th Cir. 1996). The principles of contract law govern plea agreements. *See id.; United States v. Cooper*, 70 F.3d 563, 565 (10th Cir. 1995). We enforce plea agreements to preserve the integrity of the plea and the integrity of the government, with the pragmatic benefit of encouraging future pleas. *See United States v. Brye*, 146 F.3d 1207, 1209 (10th Cir. 1998); *Cooper*, 70 F.3d at 567. As such, while we hope the government prosecutorial conduct observes an ethical standard, we require it to comply with the law. *Cooper*, 70 F.3d at 567.

Since the government has conceded and we agree that the implications of the prosecutor's statements undermine the promise not to oppose a downward departure, the only question is whether the breach warrants a withdrawal of the

-3-

guilty plea. "When the government has breached a plea agreement, it is generally preferable to remand the case to the district court for its determination as to whether defendant should be resentenced by a different judge or should be allowed to withdraw his guilty plea." *Brye*, 146 F.3d at 1213. In a more nuanced approach, we have restricted a remand to resentencing when the government's breach is neither egregious nor intentional. *See id.* at 1213; *cf. Hawley*, 93 F.3d at 694.

In the instant case, the record indicates the prosecutor's remarks fall short of the violation in *Cooper*, where we allowed the defendant to withdraw his plea because the prosecutor's remarks placed the defendant in a sentencing range that made the plea agreement recommendation impossible and illegal for the court to honor. *See* 70 F.3d at 564-65. The situation was exacerabated there by the prosecutor's failure to actually make the promised recommendation. *See id.* at 567. By contrast, the prosecutor's comments here did not entirely vitiate the plea agreement. The comments were far less detrimental and he reiterated several times the promise that he would not oppose a two point downward departure.

Indeed, the prosecutor "crossed the proverbial 'line,'" *Brye*, 146 F.3d at 1213, in a manner more similar to *Brye* than *Cooper*. In *Brye*, the prosecutor agreed not to oppose a downward departure for duress, but then proceeded to emphasize the lack of duress. *See id.* (suggesting the fight in question was "a

case of mutual combatants" rather than duress). We remanded only for resentencing by a different judge, holding that the breach was not sufficiently egregious or intentional to warrant a plea withdrawal. Similarly, the prosecutor's remarks here, while inappropriate, were ambiguous as to severity and bad faith intent. Indeed, the remarks may have amounted to merely challenging the two additional points of downward departure that Mr. Rodriguez-Lira unexpectedly requested and that were beyond the scope of the plea agreement. Accordingly, we reverse Mr. Rodriguez-Lira's sentence and remand for resentencing by a different judge.

All other sentencing issues raised by Mr. Rodriguez-Lira are subsumed by this holding. On resentencing, he may raise with the new sentencing judge all issues he could have raised in his original sentencing hearing. *See United States v. Ortiz*, 25 F.3d 934, 935 (10th Cir. 1994); *see also United States v. Webb*, 98 F.3d 585, 587 (10th Cir. 1996).

ENTERED FOR THE COURT

Stephanie K. Seymour
Chief Judge