F I L E D
**United States Court of Appeals
Tenth Circuit**

**JUN 8 2001**

**PATRICK FISHER**
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

vs.

LARRY WAYNE BARNES,

      Defendant - Appellant.

No. 00-5097
(D.C. No. 99-CR-31-C)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, **MCWILLIAMS**, and **KELLY**, Circuit Judges.

Defendant-Appellant Larry Barnes, Jr., appeals from his sentence imposed by the district court. On January 7, 1999, Mr. Barnes was found in possession of chemicals, glassware, and other items which he intended to use to manufacture methamphetamine. I R. doc. 62, at 5. He pled guilty to one count of possession of materials used in the manufacture of methamphetamine in violation of 21 U.S.C. § 843(a)(6). I R. doc. 84, at 1. Mr. Barnes appeals from the government's alleged breach of a stipulation in the plea agreement. Our jurisdiction arises

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

under 28 U.S.C. § 1291, and we affirm.

Mr. Barnes' presentence report included as relevant conduct his possession of over three kilograms of methamphetamine and eleven grams of marijuana between 1997 and March 1999. II R. at 11-12. In a subsequent stipulation, Mr. Barnes and the government agreed that "the drug quantities relevant to Defendants' [sic] conduct and the instant offense on January 7, 1999 involve more than 50 G but less than 200 G of Methamphetamine or at least 10G but less than 40G of Methamphetamine (actual)." I R. doc. 82, at 1. At the sentencing hearing, Mr. Barnes and the government disagreed as to the meaning of the stipulation. Mr. Barnes construed the stipulation as limiting relevant conduct to the methamphetamine in Mr. Barnes' possession on January 7, 1999. III R. at 4, 7. In stark contrast, the government narrowly construed the stipulation to limit only the quantity of methamphetamine involved in the instant offense. Id. at 5. Rather than rely upon the stipulation, the district court independently exercised its discretion to determine relevant conduct. Id. at 8-9. The court agreed with the government that relevant conduct included Mr. Barnes' possession of marijuana and methamphetamine between 1997 and March 1999, id. at 9, and adopted the presentence report's recommended sentence of 120 months imprisonment and three years supervised release. Id. at 12-13.

On appeal, Mr. Barnes argues that the government breached the stipulation.

He asserts that he could have received a shorter sentence had the government honored the stipulation. We disagree. The parties executed the stipulation with the understanding that it was not binding upon the district court. I R. doc. 62, at 10-11; doc. 82, at 1-2. At sentencing, the district court was aware that it was not bound by the stipulation, and exercised its discretion to independently determine relevant conduct. III R. doc. at 8-9. Accordingly, even if we agreed that the government breached the stipulation, the breach was harmless error. See United States v. Belt, 89 F.3d 710, 713 (10th Cir. 1996).

This is not to say that we condone the government's conduct at sentencing. Indeed, the government's construction of the stipulation at sentencing bordered on the disingenuous. We remind the government that it is required to act in good faith and fulfill all promises it makes in exchange for a plea of guilty. See United States v. Brye, 146 F.3d 1207, 1209-10 (10th Cir. 1998).

AFFIRMED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge