UNITED STATES of America,
Plaintiff–Appellee,

v.

Mario MENDEZ–ZAMORA,
Defendant–Appellant.

No. 01–3062.

United States Court of Appeals,
Tenth Circuit.

June 19, 2002.

Before HARTZ, ALDISERT *, and HOLLOWAY, Circuit Judges.

## ORDER AND JUDGMENT **

HARTZ, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Mario Mendez–Zamora ("Defendant") was indicted on four counts of a five-count indictment. He entered into an agreement with the government in which he agreed to plead guilty to Count Five of the indictment, which charged him with distribution of 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(B)(viii). With a two-level enhancement for leadership and a three-level subtraction for acceptance of responsibility, Defendant's offense level was 37. He was sentenced to the guideline minimum for that offense level, 210 months.

Defendant appealed his sentence. His counsel filed a brief in accordance with *Anders v. State of California*, 386 U.S. 738, 744, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), stating that there were "no legitimate issues to appeal," and simultaneously moved to withdraw as counsel. Defendant then filed a *pro se* brief, raising additional contentions. We consider all claims raised in either brief.

We have jurisdiction under 28 U.S.C. § 1291. We affirm Defendant's sentence, find his appeal frivolous, and grant counsel's request to withdraw. *See Anders,* 386 U.S. at 744, 87 S.Ct. 1396.

## I.

■ Defendant contends that he did not have a leadership role in the distribution of methamphetamine and that the district court erred in enhancing his sentence on that ground. Section 3B1.1(c) of the Sentencing Guidelines provides for a two-level increase in the base offense level "[i]f the defendant was an organizer, leader, manager, or supervisor in any criminal activity...." U.S.S.G. § 3B1.1(c) (1998); *see United States v. Valdez Arieta*, 127 F.3d 1267, 1271–72 (10th Cir.1997) (defendant can be an organizer without exercising control over any associates). At sentencing, Defendant withdrew his objection to an enhancement for leadership, "after understanding more clearly federal law regarding what it takes to be a leader or organizer." This waiver precludes his challenge on appeal. *See United States v. Newman*, 148 F.3d 871, 878–79 (7th Cir. 1998). In any event, Defendant signed a plea agreement in which he acknowledged that the government could produce at trial certain evidence summarized in the agreement. That evidence would establish Defendant's role as an organizer. For example, the evidence shows that he arranged for another person to transport methamphetamine from California to Kansas in February 1998 and also arranged for two drug traffickers to obtain methamphetamine from two of his associates in May

---

* The Honorable Ruggero J. Aldisert, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

** This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

1998. Because Defendant is foreclosed from challenging this evidence, *United States v. Deninno,* 29 F.3d 572, 580 (10th Cir.1994) ("failure to object ... at the [sentencing] hearing acts[ ] as an admission of fact"), his argument is without merit.

## II.

■ Defendant contends that the district court erred by basing his sentence on a quantity of drugs greater than the amount involved in the count to which he pleaded guilty. The Sentencing Guidelines, however, require that all relevant conduct be considered at sentencing. *See* U.S.S.G. § 1B1.3. Moreover, in his plea agreement Defendant agreed that all relevant conduct, including the conduct charged in the dismissed counts, could be considered, and at sentencing he withdrew his objection regarding drug quantity. The quantity of methamphetamine described in the evidence summarized in his plea agreement was well over 15 kilograms, thereby justifying the offense level used in sentencing him. In short, the record supports the sentence, and, in any event, Defendant waived the issue. *See Newman; Deninno.*

## III.

■ Defendant also argues that his offense level was incorrect because the quantity of methamphetamine was not adjusted for impurities. In other words, he asserts that the offense level should have been based solely on the amount of pure methamphetamine involved. Under the Sentencing Guidelines, however, the offense level can be calculated on the basis of either the amount of pure methamphetamine or the amount of methamphetamine mixture. *See* U.S.S.G. § 2D1.1(c). If the calculations lead to different offense levels, the court is to apply the higher level. *Id.*

note (B); *see United States v. Gigley,* 213 F.3d 509, 518–19 (10th Cir.2000). Defendant's offense level was properly calculated on the basis of the amount of methamphetamine mixture. A calculation based on the amount of pure methamphetamine could only have raised the offense level to be used by the court. Because Defendant could have suffered no prejudice, we reject this argument.

## IV.

■ Defendant contends that *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), prohibits sentencing based upon either his leadership role or drug quantities that were not included in the count of conviction. We disagree. *Apprendi* would only prohibit a sentence that exceeded the statutory maximum for the count to which Defendant pleaded guilty. *See United States v. Monroe,* 259 F.3d 1220, 1226 (10th Cir.2001). But that did not happen here. Count 5 alleged that Defendant "knowingly and intentionally distributed and possessed with intent to distribute 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a controlled substance...." The maximum sentence is 40 years for distribution and possession with intent to distribute 50 grams or more. 21 U.S.C. § 841(b)(1)(B)(viii). Defendant was sentenced to 210 months, well below the maximum.

## V.

Defendant next contends that *Apprendi* renders 21 U.S.C. §§ 841(b)(1) unconstitutional. This court has previously ruled to the contrary. *See United States v. Cernobyl,* 255 F.3d 1215, 1218–19 (10th Cir. 2001).

## VI.

█ Defendant argues that the district court erred in failing to apply U.S.S.G. § 5C1.2, the "safety valve" provision, to his sentence. But this provision comes into play only when application of the guidelines would result in a sentence below the statutory minimum. Defendant's guideline range was 210 262 months, far above the statutory minimum under 21 U.S.C. § 841(b)(1)(B)(viii), which is five years. Section § 5C1.2 does not authorize departure below the guidelines range. *See United States v. Belt,* 89 F.3d 710, 714 (10th Cir.1996). Therefore, § 5C1.2 could have provided no benefit to Defendant.

The sentence of the district court is AFFIRMED and counsel's request to withdraw is GRANTED.