**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**August 28, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MARIO MENDEZ-ZAMORA,

Defendant - Appellant.

No. 06-3160
(D. Ct. No. 03-CV-3223-CM and
00-CR-20066-3-CM)
(D. Kan.)

---

**ORDER**

---

Before **TACHA**, Chief Circuit Judge, **HARTZ**, and **TYMKOVICH**, Circuit Judges.

---

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Mario Mendez-Zamora, a federal prisoner appearing pro se, seeks a certificate of appealability ("COA") to challenge the District Court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. *See* 28 U.S.C. § 2253(c)(1) (a petitioner may not appeal the denial of habeas relief under § 2255 unless a COA is issued). We will issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires the

petitioner to demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

Mr. Mendez-Zamora was indicted on four counts of drug trafficking. Pursuant to an agreement with the Government, he pleaded guilty to one count of distributing more than 50 grams of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(viii), which carries with it a statutory minimum sentence of five years and a statutory maximum sentence of forty years, *see* 21 U.S.C. § 841(b)(1)(B). At sentencing, the District Court calculated the offense level based on the quantity of drugs involved in all "relevant conduct," *see* United States Sentencing Guidelines Manual ("U.S.S.G." or "Guidelines") § 1B1.3, applied a two-level enhancement because Mr. Mendez-Zamora played a leadership role in the offense, *see* U.S.S.G. § 3B1.1(c), and applied a three-level deduction for his timely acceptance of responsibility, *see* U.S.S.G. § 3E1.1(b). This resulted in an offense level of 37. The court sentenced Mr. Mendez-Zamora to serve 210 months' imprisonment, the minimum term under the applicable Guidelines range. His attorney filed a brief in accordance with *Anders v. California*, 386 U.S. 738, 744 (1967), arguing there was no basis for appeal. A panel of this Court agreed; we upheld Mr. Mendez-Zamora's sentence on direct appeal and granted his counsel's request to withdraw. *See United States v. Mendez-Zamora*, 42 Fed. App'x 183 (10th Cir. 2002).

Mr. Mendez-Zamora then filed a habeas petition under 28 U.S.C. § 2255 arguing

that he received ineffective counsel in connection with his plea agreement, his sentencing, and on appeal. The District Court issued a thorough Memorandum and Order on March 30, 2006 concluding that the record shows that no relief is warranted. The court subsequently denied Mr. Mendez-Zamora's petition for a COA, and he now appeals.

In order to prevail on an ineffective assistance of counsel claim, a habeas petitioner must show that his counsel's conduct "fell below an objective standard of reasonableness" and that such deficient performance resulted in prejudice to the defense—that is, "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 687–88, 694 (1984).

After careful consideration of the record and the applicable law, we agree, for substantially the same reasons set forth by the District Court, that Mr. Mendez-Zamora has failed to make a substantial showing of the denial of a constitutional right. As to his claim that his counsel did not fully explain the consequences of his guilty plea, the record amply supports the District Court's finding that Mr. Mendez-Zamora was not prejudiced by any of his counsel's alleged errors. Indeed, at the change of plea hearing, the District Court specifically verified that Mr. Mendez-Zamora understood that his guilty plea did not limit the court's discretion to impose a sentence up to the statutory maximum of forty years and that he would be sentenced under the Guidelines. *See Hill v. Lockhart*, 474 U.S. 52, 59 (1985) (in the context of a guilty plea, to show that counsel's deficient performance prejudiced the defense, the petitioner "must show that there is a reasonable

probability that, but for counsel's errors, he would not have pleaded guilty"). The District Court also correctly concluded that there is no basis for Mr. Mendez-Zamora's claim that he received ineffective assistance during his sentencing hearing and on appeal. Accordingly, we DENY Mr. Mendez-Zamora's request for a COA and DISMISS the appeal.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Chief Circuit Judge