LUCERO, Circuit Judge,
concurring in part and dissenting in part.
I join all but Parts II.B, II.C, and III of the majority opinion. On the rare occasions in which a defendant does not seek to vacate his guilty plea, but only requests specific performance of the plea agreement, I would conduct harmless error analysis.
I disagree with the majority’s conclusion that Santobello v. New York, 404 U.S. 257, 262-63, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971), controls the outcome of this case. This Circuit has previously recognized a “very limited context” in which plea-agreement breaches are subject to harmless error analysis: when “the complained-of effect of the government’s breach cannot be remedied by resentencing.” United States v. Belt, 89 F.3d 710, 713 (10th Cir.1996). Although the Belt exception is not applicable here, that case forecloses a strict rule barring harmless error review whenever the government breaches a plea agreement. I would create a second limited exception under the circumstances of this case.
The purpose of the remand in Santobello was to allow the • state court to determine whether voiding the plea agreement or simple resentencing would be appropriate. The full text of the Court’s analysis is as follows:.
We need not reach the question whether the sentencing judge would or would not have been influenced had he known all the details of the negotiations for the plea. He stated that the prosecutor’s recommendation did not influence him and we have no reason to doubt that. Nevertheless, we conclude that the interests of justice and appropriate recognition of the duties of the prosecution in relation to promises made in the negotiation of pleas of guilty will be best served by remanding the case to the state courts for further consideration. The ultimate relief to which petitioner is entitled we leave to the discretion of the state court, which is in a better position to decide whether the circumstances of this case require only that there be specific performance of the agreement on the plea, in which case petitioner should be resentenced by a different judge, or whether, in the view of the state court, the circumstances require granting the relief sought by petitioner, i.e., the opportunity to withdraw his plea of guilty. We emphasize that this is in no sense to question the fairness of the sentencing judge; the fault here rests on the prose.cutor, not on the sentencing judge.
404 U.S. at 262-63, 92 S.Ct. 495.
As I read this passage, it has relatively little to do with the propriety of harmless error analysis; instead it primarily concerns the identity of the remedial decision-maker. Indeed, the preeminent question in the case was who decides whether a defendant may withdraw from a plea agreement following a government breach. Id. at 257-58, 92 S.Ct. 495 (“We granted certiorari in this case to determine whether the State’s failure to keep a commitment concerning the sentence recommendation on a guilty plea required a new trial.”). Justice Marshall, joined by Justices Brennan and Stewart, argued that the defendant himself should decide. Id. at 268-69, 92 S.Ct. 495 (Marshall, J., dissenting). Those justices would have allowed defendants to choose to void a plea agreement when breached by the government. Justice Douglas concurred in the majority opinion, but wrote separately to counsel that “a court ought to accord a *1208 defendant’s preference considerable, if not controlling, weight.” Id. at 267, 92 S.Ct. 495 (Douglas, J., concurring). A majority of the Court concluded that the state court was “in a better position” to make that determination. Id. at 263, 92 S.Ct. 495.
Although the Santobello Court does not explicitly state that harmless error analysis is inapplicable to breach-of-plea-agreement cases, the majority contends that the Court necessarily decided that Santobello was entitled to some relief before addressing what type of relief would be appropriate. I disagree. The Court first concluded that the state tribunal was the appropriate body to decide whether Santobello should .be permitted to withdraw his guilty plea. Having no “supervisory jurisdiction” over the state court that would make the withdrawal decision, id. at 266, 92 S.Ct. 495 (Douglas, J., concurring) (quotation omitted), the Court simply vacated the judgment below, id. at 268, 92 S.Ct. 495. Once that judgment was vacated, resentencing (along with specific performance of the plea agreement) would be necessary if the state denied Santobello the opportunity to void his plea. Although Santobello would receive some form of relief from the state court under either route, that result was not based on the Court’s aversion to harmless error review, but the happenstance of procedural posture.
I share the majority’s concern over the appearance of institutional integrity, and those countervailing interests make this a difficult issue. Harmless error analysis is rife with the potential for abuse; as my respected colleague recently noted, we must avoid building “an ever-increasing floor under [an] unlawful practice rather than placing a ceiling upon it.” United States v. Nash, 482 F.3d 1209, 1221 (10th Cir.2007) (McKay, J., dissenting). Nevertheless, under the unique circumstances present in this case, I would conduct harmless error review.